[No. AO20288. First Dist., Div. One. Nov. 29, 1982.]

EDMUND G. BROWN, JR., as Governor, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
RICHARD J. WALL et al., Real Parties in Interest.

## COUNSEL

George Deukmejian, Attorney General, and Richard D. Martland, Assistant Attorney General, for Petitioners.

Fred H. Altshuler, Altshuler & Berzon, Werchick & Werchick and Arne Werchick as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Paul R. Haerle, James P. Hargarten, Douglas P. Kight, Vaughn R. Walker and Bruce A. Ericson for Real Parties in Interest.

## OPINION

**THE COURT**[*]—The Governor and the Controller petition for a writ of mandate to compel the respondent superior court to vacate its order to show cause and its temporary restraining order enjoining the petitioners from implementing 1981 legislation that created 18 new Court of Appeal judgeships. (Stats. 1981, ch. 959; Gov. Code, §§ 69100-69102, 69104-69106.) The primary issue is whether two members (a majority) of the Commission on Judicial Appointments (hereinafter the Commission) can lawfully confirm the appointment of a person to a Court of Appeal, in a newly created appellate district, in the absence of a presiding justice of that court. (See Cal. Const., art. VI, § 7.) In light of established rules for construction of provisions in the Constitution (see *Mosk* v. *Superior Court* (1979) 25 Cal.3d 474, 495 [159 Cal.Rptr. 494, 601 P.2d 1030], and cases cited therein; see also *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 596 [96 Cal.Rptr. 601, 487 P.2d 1241]; *Stanton* v. *Panish* (1980) 28 Cal.3d 107, 115 [167 Cal.Rptr. 584, 615 P.2d 1372]), we conclude that two members of the Commission can lawfully confirm such appointment if they agree. We therefore order the issuance of a peremptory writ. (Code Civ. Proc., § 1088.)

---

[*]Before Racanelli, P. J., Newsom, J., and Rattigan, J.[†]

[†]Assigned by the Acting Chairperson of the Judicial Council.

In 1981, the Legislature created a new Sixth Appellate District Court of Appeal consisting of one division with three justices who shall sit in San Jose. (Gov. Code §§ 69100, 69106.) As part of the same legislation, fifteen new judgeships were added to the existing five districts of the Court of Appeal. (Gov. Code, §§ 69100-69102, 69104-69105.)

The legislation took effect on January 1, 1982. However, the Governor was enjoined from appointing persons to the new positions in an action by two Sacramento taxpayers, Thomas Martin and Thomas Tweedy, who challenged the constitutionality of the legislation on the ground of unlawful funding. The case reached the Supreme Court on petition by the Governor, the Controller, and the Administrative Director of the Courts. On November 1, 1982, the Supreme Court filed its decision upholding the constitutionality of the legislation. (*Brown* v. *Superior Court* (1982) 33 Cal.3d 242 [188 Cal.Rptr. 425, 655 P.2d 1260].)

On November 15, Thomas Tweedy filed a substitution of attorneys in the action. On the next day, his new attorneys filed a petition for rehearing and raised, for the first time, the question whether the Commission consisting of only the Chief Justice and the Attorney General has authority to confirm the appointment of persons to the Court of Appeal in the newly created Sixth Appellate District. The Supreme Court, after "due consideration," denied the petition for rehearing without modification of its opinion to dispose of the new issue raised by Tweedy. On November 19, the Supreme Court issued a peremptory writ ordering the superior court to vacate its judgment (injunction) against the petitioners. On the same day, Richard J. Wall, Richard J. Hazlewood, and Sue C. Woods (San Francisco taxpayers who were represented by the same attorneys who represented Tweedy on his petition for rehearing in *Brown* v. *Superior Court, supra*) filed a complaint for injunctive and declaratory relief in the San Francisco Superior Court. They sought to enjoin the Governor, the Controller, and the Administrative Director of the Courts from implementing the 1981 legislation creating the 18 new Court of Appeal judgeships. Their alleged basis for relief was that the Commission could not lawfully confirm a judge for the newly created Sixth Appellate District in the absence of a presiding justice for that district. They further alleged that, because the Commission could not confirm the appointments for the new district, the remaining parts of the legislation were also invalid and that the defendants (petitioners herein) therefore could not lawfully implement the provisions for the other 15 new judgeships. The superior court issued an order to show cause and a temporary restraining order enjoining the Governor, the Controller, and the Administrative Director from proceeding with the appointment and confirmation of the 18 new justices.

Petitioners thereupon commenced the present proceeding. We stayed the temporary restraining order and all proceedings in respondent court, pending determination of the present proceeding or until our further order.

■ Petitioners argue that the issue presented by the real parties in interest (the taxpayers) was decided when the Supreme Court denied Tweedy's petition for rehearing in *Brown* v. *Superior Court, supra,* 32 Cal.3d 705, and that real parties in interest are bound by that decision. However, nothing in the official written opinion indicates that the Supreme Court considered the issue. Cases are not authority for propositions not considered. (*People* v. *Burnick* (1975) 14 Cal.3d 306, 317 [121 Cal.Rptr. 488, 535 P.2d 352].) It is a fundamental rule of appellate practice that an appellate court need not consider issues raised for the first time by a petition for rehearing. The Supreme Court presumably denied Tweedy's petition for rehearing in *Brown, supra,* 33 Cal.3d 242, on that ground.

Article VI, section 3, of the California Constitution provides in part: "The Legislature shall divide the State into districts each containing a court of appeal with one or more divisions. Each division consists of a presiding justice and 2 or more associate justices." As adopted by the electorate on November 8, 1966, this provision was intended to give the Legislature the power to create new Court of Appeal districts as it may deem necessary. (See Proposed Revision of the Cal. Const., Cal. Const. Revision Com., (Feb. 1966) p. 86; Judicial Council of Cal., Annual Rep. (1967) pp. 69-70.) As part of the revision of article VI approved by the voters in November, 1966, subdivision (d) of section 16 provides: "A nomination or appointment by the Governor is effective when confirmed by the Commission on Judicial Appointments."

The Commission on Judicial Appointments (formerly the Commission on Qualifications) was first created by voter approval of a constitutional amendment on November 6, 1934. A paragraph in the amendment of former article VI, section 26, provided: "No such nomination or appointment by the Governor shall be effective unless there be filed with the Secretary of State a written confirmation of such nomination or appointment signed by a majority of the three officials herein designated as the commission on qualifications. The commission on qualifications shall consist of (1) the Chief Justice of the Supreme Court, or, if such office be vacant, the acting Chief Justice; (2) the presiding justice of the district court of appeal of the district in which a justice of a district court of appeal . . . is to serve, or, if there be two such presiding justices, the one who has served the longer as such; or, in the case of the nomination or appointment of a justice of the supreme court, the presiding justice who has served longest as such upon any of the district courts of appeal; and (3) the attorney general. . . ."

In November, 1962, the voters amended section 26 of article VI to change the name of the Commission on Qualifications to the Commission on Judicial Appointments. In November 1966, the provision was repealed. The paragraph of section 26 concerning the Commission was replaced by section 7 of article VI, which provides: "The Commission on Judicial Appointments consists of the Chief Justice, the Attorney General, and the presiding justice of the court of appeal of the affected district or, if there are 2 or more presiding justices, the one who has presided longest or, when a nomination or appointment to the Supreme Court is to be considered, the presiding justice who has presided longest on any court of appeal."

■ Although the 1966 revision changed the language of the provision creating the Commission, the drafters of section 7, article VI, did not intend any significant change in its meaning or substance. (See Proposed Revision of the Cal. Const., Cal. Const. Revision Com. (Feb. 1966) pp. 88-89; Judicial Council of Cal., Annual Rep., supra, pp. 65-67, 73-74.) In other words, nothing in the history of section 7 of article VI indicates any intent by the drafters or the electorate to change the established law that a majority of the Commission could confirm a judicial appointment.

The law that a majority of the Commission (i.e., two members) can confirm the appointment of an appellate justice is based on sound reasons and public policy. Most important, the rule that two members of the Commission can confirm an appointment prevents one member of the Commission from frustrating the will of the Legislature, the Governor, and a majority of the Commission by simply refusing to participate in a confirmation hearing conducted by the Commission. There are other instances when, for example, a member of the Commission may be unable to act or when he or she may disqualify himself or herself because the nominee is a relative, a personal friend, or a former client. In these instances the confirmation process can nevertheless proceed in the absence of one member of the Commission. If two members of the Commission can confirm a judicial appointment, it is immaterial whether the third Commission member is present or absent, for any reason, at the confirmation hearing.

Real parties in interest nevertheless argue that section 7 of article VI must be interpreted to mean that the Commission cannot act unless it consists of the Chief Justice, the Attorney General, and a presiding justice of the court to which the new judge is to be appointed, and that it therefore cannot confirm an appointment to a Court of Appeal in a newly created district which has no presiding justice. Real parties concede that their interpretation of section 7 means in effect that the Legislature cannot create a new appellate district under the present law. This interpretation of section 7 is totally inconsistent with, and contrary to, the intent of the drafters of the 1966 constitutional revisions which gave the Legislature the power to create new appellate districts as it deemed

necessary. Nothing in the history of section 7 indicates or suggests that the drafters and electorate intended to prohibit the Legislature from creating a new appellate district. If section 7 authorizes the Commission to confirm a judicial appointment by a majority vote of two members when three members are present or when one member is disqualified or unable to act, there is no reason that two members (the Chief Justice and Attorney General) cannot confirm the appointment of persons to a newly created Court of Appeal when there is no presiding justice who may participate. In our view, the interpretation of section 7 of article VI, urged by real parties in interest, is unreasonable, unworkable, impractical, and contrary to the intent of the drafters of the constitutional revisions approved by the electorate in November, 1966.

The foregoing conclusion decides an issue of law alone. Its effect is to leave no justiciable controversy for resolution by respondent court in the action pending below. The action should accordingly be dismissed.

Let a peremptory writ of mandate issue ordering respondent to vacate its temporary restraining order and order to show cause against petitioners and to dismiss the action in Wall et al. v. Brown et al., San Francisco Superior Court Action No. 802231. The stay of all proceedings in respondent court, heretofore ordered herein, shall remain in full force and effect until this decision becomes final.

On December 16, 1982, the opinion was modified to read as printed above.